Mr. Steve Haaser 525 North 48th Street Fort Smith, AR 72903
Dear Mr. Haaser:
I am writing in response to your request, pursuant to A.C.A.25-19-105(c)(3)(B) (Repl. 2002), for my opinion regarding application of the Arkansas Freedom of Information Act ("FOIA"). You state that you are a teacher and the head baseball coach at Southside High School, and that a FOIA request has been made for a copy of part of your personnel file, specifically "any and all records of complaints/investigations concerning Steve Haaser, coach of Southside High School."
RESPONSE
My statutory duty under A.C.A. § 25-19-105(c)(3)(B)(i) is to opine whether the custodian's decision as to release of "employee evaluation/job performance records" or "personnel records" is consistent with the FOIA. I must note in this regard that I have no information as to the custodian's decision regarding the particular records in question. Nor have I been provided with copies of any of the records. In the absence of this information, I obviously cannot offer a definitive opinion concerning the records' release. Nevertheless, I can and will discuss the legal standards that govern these types of records, on the basis of which you can evaluate the custodian's determination.
The records at issue will likely comprise either "employee evaluation/job performance records" or "personnel records" within the meaning of the FOIA. It will be important for the custodian to classify the records correctly because the standards for releasing these two types of records differ. Whereas employee evaluation/job performance records may not be released if the employee was not suspended or terminated (A.C.A. §25-19-105(c)(1)), personnel records must be released unless their release would constitute a "clearly unwarranted invasion of personal privacy" (of the employee). A.C.A. § 25-19-105(b)(12).
With regard, generally, to records of complaints, the particular factual circumstances must be considered. This office has consistently taken the position that documents that are complaints about employees and that are unsolicited by the employer constitute personnel records, rather than employee evaluation/job performance records. See, e.g., Ops. Att'y Gen.2003-009; 2001-028; 2000-058; 2000-231. As stated above, "personnel records" are open to the public except to the extent their release would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12). The fact that the subject of the records may consider release of the records an unwarranted invasion of personal privacy is not relevant to the analysis. See Ops. Att'y Gen. 2001-112, 94-198, 94-178 and 93-055; J. Watkins, The Arkansas Freedom of Information Act (3rd
Ed. 1998) at 126. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court applies a balancing test, weighing the interest of the public in accessing the records against the individual's interest in keeping them private.See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." The court has found that the employee's interest outweighs the public's interest only in cases where the record reveals the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends.Id. The question of whether the release of a particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Ops. Att'y Gen. Nos. 2001-101; 98-001.
Because I have not reviewed the documents in question, I cannot express an opinion concerning the extent to which the release of any information contained therein would constitute a clearly unwarranted invasion of personal privacy. This is a decision that must be made in the first instance by the custodian of the records. I can state, however, that any unsolicited complaint documents should be reviewed under the "clearly unwarranted invasion of personal privacy" test outlined above. This classification of complaint documents is in contrast to the classification of documents that are generated by or at the behest of an employer as a part of an investigation into the conduct of an employee. Such documents have generally been deemed by this office to constitute employee evaluation/job performance records. See, e.g., Ops. Att'y Gen.2002-235; 2001-154; 96-132; 91-324. Employee evaluation and job performance records are disclosable only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
Thus, in the absence of a suspension or termination, records that were created in connection with an investigation into alleged employee misconduct will generally be exempt from public inspection and copying under the FOIA. Because you have provided no facts suggesting that there was a suspension or termination in this instance, I will not discuss this exemption further. Instead, I refer you to the enclosed opinion (Op. Att'y Gen. 2001-141) for a more in-depth review of A.C.A. §25-19-105(c)(1).
One other matter should be noted, due to your statement that this FOIA request relates to a student. Your question may implicate the Federal Educational Rights Privacy Act (20 U.S.C. § 1232g) (FERPA), as well as language that was added to the Arkansas FOIA in 2001. FERPA provides, generally, that educational institutions can lose their federal funding if they disclose "education records" or "personally identifiable information contained therein" without the written consent of the student or the student's parent if the student is under the age of eighteen.20 U.S.C. § 1232g(b)(1). The term "education records" is defined broadly in the FERPA as "records, files, documents and other materials which . . . contain information directly related to a student." Id. at (a)(4)(A). Although the FERPA does contain some exceptions from its confidentiality requirements, I have no information suggesting that the records in question fall within any of the exceptions.
The following language in the FOIA, added by Act 1653 of 2001 to tailor the FOIA to FERPA, must also be noted:
 (b) It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter:
* * *
 (2) . . . education records as defined in the Federal Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g, unless their disclosure is consistent with the Federal Educational Rights and Privacy Act of 1974[.]
A.C.A. § 25-19-105(b)(2).
Accordingly, if any students are identified in the records that have been requested, I conclude that their names should be redacted under the provisions of both FERPA and FOIA before the records are released, unless the school has obtained the appropriate consent. Cf. Op. Att'y Gen.2001-123.
Finally, regarding any record that is released, all such records should be reviewed to determine whether they contain specific information that is exempt from disclosure even if the record itself is not exempt from disclosure. If so, this information should be redacted from the record prior to its release. For example, if the record contains social security numbers, they should be redacted. See, e.g., Op. Att'y Gen. No. 99-011,citing 5 U.S.C. § 552a (the "Federal Privacy Act"). Similarly, unlisted telephone numbers should be redacted. See, e.g., Op. Att'y Gen. No.99-054. In addition, under certain specialized circumstances where the facts indicate that a particular individual has a heightened privacy interest, the home address and listed telephone number can be redacted as well. See Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998); Op. Att'y Gen. No. 99-054.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
Enclosure